## L. G. FISH *v.* P. CLIFFORD.

*Trover.*   *Change of Possession.*   *Referee.*   *Attachment of Property held as Security.*

1. The plaintiff received certain property from his debtor, to sell and apply the proceeds upon his demand. The defendant caused it to be attached and sold without paying the plaintiff's debt. *Held*, liable in an action of trover.
2. The property turned out was in a shop rented by the debtor, and he surrendered possession of both to the plaintiff, who notified the owner of the building of the transaction, and obtained permission from him to occupy the shop, and he did so occupy it, to the exclusion of the debtor. *Held*, a sufficient change of possession.
3. When the referee reports the facts in relation to the sale and change of possession, without, also, finding whether it was, or not, a fraud in law, if there is no exception, the Supreme Court will dispose of the case as submitted.
4. The Supreme Court will not revise the referee's allowance of damage.

HEARD on the report of a referee, at the September Term, 1880, VEAZEY, J., presiding. Action, trover; plea, general issue, and justification. The court rendered judgment for the plaintiff, on the report. The case appears in the opinion.

*Redington & Butler*, for the defendant.

If the title passed to Fish, then was there a sufficient change of possession to defeat attachments of creditors? We claim there was no sufficient change of possession as shown by the referee's report. For the property was not moved; neither had the owners of the block—the third parties in whose hands the property was, if it was in their hands at all—assented to become the bailees or keepers of the said property. *Whiting* v. *Lynch*, 16 Vt. 580; *Rice & D.* v. *Courtis*, 32 Vt. 460; *Wooley* v. *Edson et al*, 35 Vt. 221; *Hildreth* v. *Fitts*, 53 Vt. 684.

" Fish, by virtue of his purchase, acquired a title subject to be defeated by a determination that it was fraudulent in law ;" so the goods were as much subject to attachment after they were purchased by plaintiff, as before the sale to him, unless his possession of them was such that his purchase would not be fraudu-

lent in law. The referee should have found the fact whether the sale made to Fish was fraudulent in law or not, etc. *Weeks* v. *Prescott*, 53 Vt. 72.

The referee allows excessive damages, almost treble the market value of the same as established by sheriff's sale. *Hildreth* v. *Fitts*, 53 Vt. 690 ; 2 Gr. Ev. s. 648.

*D. E. Nicholson*, for the plaintiff.

The opinion of the court was delivered by

TAFT, J. The plaintiff had a demand against one Hayward, and received from him certain property to sell and apply the proceeds upon such demand. The plaintiff took possession of the property and held it until it was attached by the defendant, and this suit is brought to recover its value.

To enable the plaintiff to sustain this action, it is not necessary that the transaction, between him and Hayward, should have been a sale. He received the goods, under an agreement to sell them and apply the proceeds upon his claims against Hayward, and he had a right to hold them against Hayward and any one claiming under him. The property may have been subject to attachment upon Hayward's debts, but only in the manner pointed out by the statute ; viz., a payment of the claims for which the plaintiff held it as security. The defendant did not pursue this method, but ignored the rights of the plaintiff, and was clearly a wrongdoer in attaching the property.

We think there was a sufficient change of possession to protect the rights of the plaintiff. The property was in a shop rented by Hayward, who gave possession of it to the plaintiff, and the plaintiff notified the owner of the building of the transfer of the property to him, and obtained permission from him to occupy the shop, and did so occupy it to the exclusion of Hayward. We think this a full and complete change of possession, and sufficient to protect the plaintiff.

The defendant claims that the referee should have found the fact whether the sale to the plaintiff was, or was not, fraudulent in law. The referee has found and reported the facts in relation

to the sale and change of possession of the property, and refers the question raised to the court. No exception was taken to the report in this respect, and we dispose of the case upon the report as submitted.

Upon the facts reported it clearly became a question of law and not of fact, and was very properly referred to the court. We think the sale was valid. Whether the referee allowed excessive damages or not is a question that cannot be revised in this court.

Judgment affirmed.